WRIGHT *v.* BOARD OF SUP'RS OF LAUDERDALE COUNTY.

[86 South. 643. No. 21630.]

HIGHWAYS. *Act providing for overlapping or combination separate road districts held constitutional.*

Section 22, chapter 277, Laws of 1920, providing for creation of overlapping or combination separate road districts, is constitutional.

APPEAL from chancery court of Lauderdale county.

HON. G. C. TANN, Chancellor.

Suit by C. M. Wright against the board of supervisors of Lauderdale county to restrain the issuance and delivery of certain road district bonds. From a decree sustaining a demurrer, and dismissing the bill, complainant appeals.

Affirmed.

*C. M. Wright*, for appellant.

The single question presented is whether or not the legislature had the constitutional authority to authorize the creation of a separate district, from the territory of two or more previously created road disticts which were organized under the provisions of chapter 176 of the Laws of Mississippi of 1914, as is attempted to be done by section 22 of chapter 277, of the Laws of Mississippi of 1920, which later chapter is amendatory of said chapter 176 Laws of Mississippi of 1914.

Section 22 of chapter 277 is as follows: "Sec. 22. A separate road district may be created from two or more districts or parts of two or more districts heretofore or hereafter created in the same manner and with the same powers as are herein provided for the original districts, but the creation of a district for two or more districts or parts of two or more districts shall not release the territory or taxable property or persons of the former districts for assessments for the benefit and purposes of the oiginal districts nor impair or in any wise release the property or persons in the new district so created from assessment and liability for the payment of the debts and obligations of the original districts; and the creation of such new district from two or more districts, or parts of districts already formed shall in no wise change the lines

or territorial construction and integrity of the original districts from which such new district may be formed.

All of the proceedings of the board of supervisors leading up to the final order of sale of the bonds to the First National Bank are based upon the provisions of chapter 277, Laws of 1920, and the authority for creating the road district in question is found in said section 22, if such authority exists.

It is easy to be seen that if the legislature has the power to authorize the creation of over-laping taxing district, that the property within such super-districts may be subject to various tax rates which in the aggregate would be so high as to amount to confiscation of the property of the taxpayers. Under the act in question it is provided that when a road district shall have been created, it may issue the bonds of such district in any amount not exceeding fifteen per cent of the taxable value of the property of such district, and it is made the duty of the board of supervisors to levy annually a tax which will be sufficient to pay the interest and principal on the bonds which are made to mature not later than twenty-five years from the date of their issuance; and in addition to the tax to be levied to pay the principal and interest of bonds, the board of supervisors are authorized, on the recommendation of the road commissioners, to levy a tax not exceeding three mills on the dollar for the maintenance of the roads within the district, which are under the supervision of the commissioners. By said section 22 the board of supervisors are authorized to create a super or additional district from the territory constituting separate road districts, already existing, which super-district is to have all of the powers conferred upon the original district. Among these powers is the issuance of bonds and the levying of taxes for maintenance purposes.

It is possible therefore that the overlapping or super-district may issue bonds for its purpose in any amount not exceeding fifteen per cent of the value of the taxable property within the district, and thus we have a result

by which bonds may be issued representing thirty per cent
of the value of the taxable property of a given territory,
and in addition thereto may be burdened with a former
levy of three mills on the dollar for the maintenance of
roads within the overlapping district, and under the super-
vision of the road commissioners.

It is earnestly insisted that the grant of such power, to
boards of supervisors by the legislature is dangerous in
the extreme, and that the law-making power of the state
has exceeded its constitutional authority in thus jeopardiz-
ing the property of the taxpayer and that such arbitrary
exercise of power ought not to be sanctioned by the courts.
It is respectfully submitted that the demurrer to the
bill of complaint ought to have been overruled, and that
the court erred in sustaining the same, and dismissing the
bill.

*Amis & Dunn,* for appellee.

Objection to the issuance of the bonds is made solely
upon the ground that the legislature did not have consti-
tutional power to enact section 22 of chapter 277 of the
Laws of Mississippi of 1920, which authorize the creation
of what may be termed an overlapping road district. We
do not know of any constitutional provision which limits
the power of the legislature in respect to the creation of
special taxing districts for special purposes. Such legis-
lation has been so ofter sustained that it would be a work
of superrogation to collect and cite the cases here.

The contention of the complainant that to authorize and
permit the organization of overlapping or superseparate
road districts in view of other statutes authorizing the
creation of road districts and the imposition of taxes on
the taxable property within such districts for the purpose
of constructing roads, would permit the imposition of
confiscatory tax rates, and that since such result is within
the range of possibility that the attempted grant of such
power by the legislature is void is not maintainable. We

submit that as an abstract proposition of law the contention of the complaint is unsound, and especially so when the safeguards which are imbedded in the act in question is taken into consideratoin. In an early case (*Williams* v. *Carmack*, 27 Miss. 209,) the court says: "These may be hardships but they are inconveniences incident to society; and a part of the sacrifices which every one must make in order to enjoy the greater advantages of law and government. These hardships may be a very good reason to induce the legislature to repeal the oppressive act, but they do not therefore render the act unconstitutional, for it is universally conceded that the power of taxation, whether for general or local purposes, and the mode and manner of exercising the power, not within the prohibitions of the constitution, approximately belong to the legislatures of the states. This power may be unwisely exercised or abused, yet it is a power intrusted by the constitution to the legislature, which, while exercised within the scope of the grant, is subject alone to their discretion with which the judicial tribunals have no right to interfere, because, in their judgment the action of the legislature is contrary to the principals of natural justice." In the course of the same opinion the court in discussing the act there involved, says: "The object was to raise the money to construct the work, not to take the lands for the public use; and this was a legitimate object for legislative action, and was attempted to be affected by th exercise of the power of taxation, which, whether for local or general purposes of a public nature, was within the undoubted competency and discretions of the legislature.

The court in the case quoted from above cites several authorities in support of the conclusions reached and we have not been able to find any decision of this court which modifies in any respect the general rule announced in that case.

HOLDEN, J., delivered the opinion of the court.

This is a suit seeking to restrain the board of supervisors of Lauderdale county from issuing and delivering $40,000 in bonds of the Kewanee-Toomsuba separate road district in said county. From a decree sustaining the demurrer, and dismissing the bill, this appeal is prosecuted.

The Kewanee-Toomsuba separate road district was regularly created and organized, and the proceedings of the board of supervisors which resulted in the issuance of the bonds were regular in all respects, according to the provisions of chapter 176 of the Laws of 1914 and section 22 of chapter 277 of the Laws of 1920. Said section 22 is as follows:

"A separate road district may be created from two or more districts or parts of two or more districts heretofore or hereafter created in the same manner and with same powers as are herein provided for the original districts, but the creation of a district from two or more districts or parts of two or more districts shall not release the territory or taxable property or person of the former districts from assessments for the benefit and purposes of the original districts, nor impair or in any wise release the property or persons in the new district so created from assessment and liability for the payment of the debts and obligations of the original districts; and the creation of such new district from two or more districts, or parts of districts already formed shall in no wise change the lines or territorial construction and integrity of the original districts from which such new district may be formed."

The road district here involved was created under the above section, and comprises territory of two or more previously created road districts, which were organized under the povisions of the said chapter 176 of the Laws of 1914. Appellant's objection to the issuance of the bonds, is based solely upon the ground that the legislature did not have constitutional power to enact said section 22 of chapter

277, Laws of 1920, authorizing the creation of what may be termed an overlapping or combination road district.

Counsel for appellant fails to point out the section of the Constitution claimed to be violated by the said act of the legislature. We understand the general contention of appellant to be that the creation of overlapping or combination separate road districts would result in the imposition of confiscatory taxes upon the property owners in such combination district who are within the territory of a previously organized road district; that under the act in question the property owner situated in the combination district may be taxed fifteen per cent. of the taxable value of his property in the old district, and the same amount additionally in the combination district, thus resulting in taxation amounting to confiscation.

We know of no section of the Constitution which prohibits the legislation here in question. And where the legislature is not restricted by the Constitution it, generally speaking, has unlimited power in respect to the creation of special taxing districts for special purposes, so long as the taxation conforms to the requirements of the Constitution. The wisdom of the legislature in authorizing overlapping road districts, as provided in the said section 22, is not to be questioned by the courts, if the legislative discretion is exercised outside of the prohibitive bounds of the organic law.

If the grant of such power of creating combination road districts is dangerous, as contended by counsel for the appellant, it is a matter not within our province to correct, but is one for the consideration of the lawmakers, who, as the direct representatives of the people of the State, are responsible for the legislation.

The judgment of the lower court is affirmed.

*Affirmed.*